IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONNA ROCHELL HYDER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00976-O-BP |
| § | |
| ANDREW SAUL, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

# ORDER

On August 25, 2020, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 15. The FCR recommended that the Court affirm the decision of the Commissioner of the Social Security Administration (the "Commissioner"), who concluded that Plaintiff Donna Rochell Hyder ("Hyder") should be denied disability insurance benefits. *Id.* at 1. Hyder filed an Objection to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on September 3, 2020. Pl.'s Obj., ECF No. 16.

The Court has conducted a *de novo* review of the FCR. For the following reasons, Plaintiff's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

## I.   FACTUAL BACKGROUND

Hyder was born on August 20, 1968, and has a high school education. *See* Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 10-1 at 33. She applied for disability insurance benefits on December 5, 2016, alleging that her disability began on November 25, 2015. Tr. 19. When she

1

applied, she was forty-seven years old, which is defined as a "younger individual." Tr. 33. The Commissioner denied her claim initially on October 27, 2016. Tr. 95. Hyder requested a hearing, which was held before Administrative Law Judge ("ALJ") Christopher Van Dyck on August 2, 2018, in Fort Worth, Texas. Tr. 46. The ALJ issued his unfavorable decision on January 22, 2019, finding that Hyder was not disabled. Tr. 16.

Using the five-step analysis for determining whether an applicant is eligible for disability benefits, the ALJ established during step one that Hyder had not engaged in substantial gainful activity since November 25, 2015, the alleged disability onset date. Tr. 22. At step two, he determined that Hyder had the "severe impairments of obesity, fibromyalgia ("FM"), hypertension, anemia, migraine or tension headaches, anxiety, and depression." *Id.* He found that Hyder had moderate limitations in all four "paragraph B" categories: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. Tr. 25-26. At step three, the ALJ found that Hyder's impairments did not meet or medically equal two of the "marked" impairments listed in 20 C.F.R. Pt. 404(p). Tr. 26. In particular, he concluded that Hyder retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with excepted limitations of no climbing ladders, ropes, or scaffolds. Tr. 26-27. At step four, the ALJ determined that Hyder was unable to perform any past relevant work, which included being a teacher aide, nurse assistant, and a bus monitor. Tr. 32. At step five, the ALJ determined that there were a significant number of jobs in the national economy that Hyder could perform, so a finding of "not disabled" was appropriate. Tr. 33-34.

The Appeals Council denied review on September 19, 2019. Tr. 5. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review.

*Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.     LEGAL STANDARD

Title II, 42 U.S.C. § 404 *et seq.*, of the Social Security Act ("SSA") governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1).

3

Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III. ANALYSIS

Hyder objects to the FCR, maintaining that "the decision of the Commissioner is not supported by substantial evidence." Pl.'s Objection at 1, ECF No. 16. Hyder also contends that the ALJ failed to make accommodation in his residual functioning capacity assessment for either of her migraine or tension headaches, or her limitation in adapting or managing herself in a work setting. *Id*. at 2. Hyder argues that the ALJ failed to properly consider her migraine or tension headaches in his findings. *Id.* at 3. Hyder lastly contends the ALJ did not properly include limitations in his hypothetical question asked of the vocational witness. Therefore, Hyder submits that the ALJ's determination was deficient and does not support his conclusion at step 5 of the sequential evaluation of disability.

**1. Substantial Evidence Supports the ALJ's Determination**

A claimant's RFC is the most the claimant can still do despite her impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2020). "The responsibility for determining a claimant's RFC lies with the ALJ . . . [and] the ALJ must discuss the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence." *Ewing v. Colvin*, No. 4:13-CV-085-A, 2014 WL 2464765, at *4 (N.D. Tex. June 2, 2014) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990); SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). "The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Id.* (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). Nor must the ALJ expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-CV-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). "The RFC assessment must first identify the individual's functional

limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ considers the nature and extent of the claimant's physical, mental, and other relevant limitations. 20 C.F.R. § 404.1545.

In determining physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. *Id.* § 404.1545(b). In determining mental limitations, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. *Id.* § 404.1545(c). The ALJ uses the "paragraph B criteria" to rate the degree of the claimant's mental limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a; *see id.* Part 404, Subpart P, Appendix 1. Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. 20 C.F.R. § 404.1545(d).

When the claimant alleges subjective complaints of pain, objective evidence must corroborate these allegations. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). Pursuant to SSR 96-7p, an ALJ assessing a claimant's allegations of symptoms such as pain or fatigue must conduct an objective-subjective, two-step analysis. *Salgado v. Astrue*, 271 F. App'x 456, 458 (5th Cir. 2008). In the first, objective, step, the ALJ must determine whether there is an impairment that could reasonably be expected to produce the claimant's symptoms. *Id.* If the ALJ identifies an impairment at step one, then the ALJ proceeds to the second, subjective, step and "considers the applicant's statements about symptoms and the remaining evidence in the record to determine the

strength of the symptoms and how the symptoms affect the applicant's ability to do basic work." *Id.* at 459. This requires a credibility finding regarding the applicant's claims about symptoms. *Id.*

Further, "[t]he evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa*, 895 F.2d at 1024. The Court reviews the ALJ's determination *de novo*.

### a. The ALJ Considered Hyder's Migraines and Tension Headaches

Hyder argues that the ALJ's determination is defective because it "makes no accommodation for either the . . . migraine or tension headaches, nor for her limitation in adapting or managing herself in a work setting." Pl.'s Objection at 3, ECF No. 16. Specifically, Plaintiff objects as follows:

> The ALJ's determination was that, based upon his residual functional capacity assessment, work exists in significant numbers which the Plaintiff can perform (Tr. 30). But without advising the vocational witness (VE) as to all of the limitations which impact Plaintiff's ability to perform work-related activities, the ALJ's determination is not supported by substantial evidence.

*Id.*, quoting *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). Hyder contends that the ALJ's failure to include limitations based on these "severe impairments" was error. However, the ALJ did not include limitations based on these alleged impairments because Hyder's testimony about the severity of her impairments was not supported by objective evidence. *See Muse*, 925 F.2d at 790 ("The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record."); *see also Houston*, 895 F.2d at 1016 ("When the claimant alleges subjective complaints of pain, objective evidence must corroborate these allegations.") The ALJ considered the statements made by one of Hyder's primary care providers, Amara Emenkie, M.D., who found

it difficult to believe that Hyder's pain level was a "10/10" yet she appeared comfortable and chewing gum during the visit. Tr. 25, 560. Additionally, he found that when Hyder used preventative medication as prescribed, her headaches were infrequent. Tr. 31. The record reflects that the ALJ did not find Hyder's testimony fully credible.[1] The Court finds the ALJ's determination on this point was supported by substantial evidence.

### b. The ALJ Considered Hyder's Anxiety and Depression

Hyder additionally submits that the ALJ failed to properly consider her depression as it relates to her ability to adapt or manage oneself in the workplace. Pl.'s Objection at 5, ECF No. 16. She claims these conditions interfere with her ability to remember, concentrate, follow instructions, and understand. ECF No. 12 at 9. Hyder states that she can only pay attention for twenty minutes at a time and that she believes "people are after her." Tr. 28. She further contends that she is unable to "respond to demands, adapt to changes, set goals, make plans independently, maintain hygiene and attire appropriate to a work setting, or to take appropriate precautions with regard to normal hazards." ECF No. 12 at 7. The Commissioner responds that the ALJ accounted for these limitations in the FCR, as he found that she has "moderate limitations" in adapting and managing herself. Tr. 25-26.[2] Although Hyder's testimony was met with contrary evidence, such as regular church attendance and unremarkable mental status examinations, the ALJ still took her testimony into account by limiting her RFC to simple tasks with social restrictions. Tr. 26-27. "The record indicates that the ALJ used the medical information provided by [Hyder] to determine [her]

---

[1] The ALJ considered Hyder's complaints of pain from her migraine headaches and pain from her other impairments, but ultimately concluded Hyder's statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully credible. Tr. 28-32.

[2] The mental health professionals and state agency consultants agreed that Hyder had moderate limitations, but that she could "understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in routine work settings." Tr. 24-26, 31, 110.

residual functional capacity for work[; u]nder the regulations and [Fifth Circuit] case law, the determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). The ALJ did not err in his consideration of Hyder's depression and anxiety because substantial evidence supports his determination.

### 2. The Hypothetical Question was Proper

Lastly, Hyder asserts that the ALJ's hypothetical question posed to the vocational witness failed to take her limitations in account. Pl.'s Objection at 3, ECF No. 16. The first question posed to the witness was as follows:

> If you had someone with the same age, education, and work background as the claimant limited to light work except as follows. The claimant can frequently push and pull consistent with or within the weights provided for light exertion, can never climb ladders, ropers, or scaffolds. Can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Can frequently reach in the bilateral upper extremities. Mentally can understand, remember, and carry out simple instructions and tasks. With no more than occasional interaction with the public, coworkers and supervisors, could that individual sustain any of her prior work as performed or per the DOT? … Would there be any other work available within those restrictions?

Tr. 67-69. The ALJ incorporated the limitations from the RFC in the question and the witness determined that a person with these limitations would be able to perform the work of a garment bagger, cleaner, housekeeper, and small item inspector. Tr. 68. Hyder alleges this question was defective because it did not incorporate her migraines, tension headaches, anxiety and depression. Pl.'s Objection at 3, ECF No. 16. Hyder agrees that "the ALJ himself corrected the deficiency by asking the vocational witness to consider the effect of absences from work one day per week upon the ability to maintain employment," which is consistent with the severity of the headaches Hyder alleges. Tr. 64-65. In response, the VE concluded that a person would not be able to sustain the

previously identified work or any other work within the confines of the hypothetical as modified. Tr. 69. Hyder argues that the VE's answer to the second hypothetical undercuts the ALJ's decision. However, the ALJ is not required to include limitations that he does not believe are supported by medical evidence in the record.[3] Because there is not a "significant discrepancy . . . between the limitations included in the hypothetical question posited to the VE and the limitations the ALJ found in his decision," the ALJ did not commit reversible error on this point. *Ellis v. Astrue*, No. 7:09-CV-70-O-BF, 2010 WL 3422872, at *5 (N.D. Tex. July 27, 2010). The Court finds no reversible error.

## IV. CONCLUSION

Having conducted a de novo review of the FCR and Russell's Objections, the Court **OVERRULES** each of Hyders's Objections and **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Hyder is not entitled to disability benefits.

**SO ORDERED** on this **14th day of September, 2020.**

*[signature]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[3] The ALJ is not required to include in his hypothetical questions a claimant's disabilities that he did not recognize. *See Martinez v. Chater*, 70 F.3d 1269, 1995 WL 696853, at *5 (5th Cir. Oct. 26, 1995)

10